FILED

SEP 2 6 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

*******************************************************************************

|  |  |  |
|---|---|---|
| BRENDA SCHONEBAUM, | * | CIV 07-1030 |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | ORDER AND OPINION |
| | * | |
| HUB CITY, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************************************************

Brenda Schonebaum ("Schonebaum" or "plaintiff") sued her former employer,
Hub City, Inc., alleging sexual harassment under Title VII, retaliation under Title VII, and
a violation of SDCL 20-13-10.

The former employer has moved for a summary judgment. Schonebaum has
responded. A blizzard of paper has been presented to the court.

Summary judgment is proper where there is no genuine issue as to any material
fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)
and Donaho v. FMC Corporation, 74 F.3d 894, 898 (8th Cir. 1996). The United States
Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment
> . . . against a party who fails to make a showing sufficient to establish the
> existence of an element essential to that party's case, and on which that
> party will bear the burden of proof at trial. In such a situation, there can be
> "no genuine issue as to any material fact", since a complete failure of proof
> concerning an essential element of the non-moving party's case necessarily
> renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265
(1986). "A material fact dispute is genuine if the evidence is sufficient to allow a

reasonable jury to return a verdict for the non-moving party." <u>Landon v. Northwest Airlines, Inc.</u>, 72 F.3d 620, 624 (8th Cir. 1995).

As a general proposition, under federal law, unlike South Dakota law, summary judgment is a favored procedure. *Compare* <u>Celotex v. Catrett</u>, 477 U.S. at 327, 106 S.Ct. at 2555 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'") and <u>Wilson v. Great Northern Ry. Co.</u>, 157 NW2d 19, 22 (S.D. 1968) ("Summary judgment is generally not feasible in negligence cases").

In considering the motion for summary judgment, this court must view the facts in the light most favorable to the nonmoving party (Schonebaum) and "give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts." <u>Donaho v. FMC Corporation</u>, 74 F.3d at 897-898. The court will follow that directive.

It is important to state, however, that summary judgments should seldom be granted in discrimination cases, cases where inferences are often the basis of the claim, and "summary judgment should not be granted unless the evidence could not support any reasonable inference" of discrimination. <u>Lynn v. Deaconess Med. Ctr.-West Campus</u>, 160 F.3d 484, 486-87 (8th Cir. 1998). *See also* <u>Gill v. Reorganized School Dist. R-6, Festus, Mo.</u>, 32 F.3d 376, 378 (8th Cir. 1994) ("apply the standard with caution").

In other words, in this case, could a finder of the facts reasonably conclude that Schonebaum suffered any adverse employment action? Could a finder of the facts reasonably conclude that Schonebaum suffered any sexual harassment or retaliation or both? As will more fully appear, the answer to both questions is "yes."

To defeat a summary judgment motion, plaintiff must substantiate her allegations with sufficient probative evidence that would allow a finding in her favor based on more than just speculation. <u>Moody v. St. Charles County</u>, 23 F.3d 1410, 1412 (8th Cir. 1994).

2

Title VII makes it unlawful for an employer to discriminate against an employee such as plaintiff on the basis of, *inter alia*, the individual's sex. 42 U.S.C. §2000e-2(a)(1). To make out a prima facie case for co-worker harassment, plaintiff must demonstrate that: (1) she is within the protected class; (2) unwelcome harassment occurred; (3) there was a causal nexus between the harassment and her membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. Anda v. Wickes Furniture Co., 517 F.3d 526, 531 (8th Cir. 2008).

In a case of supervisor harassment, plaintiff must prove only the first four elements described above. *See* Brenneman v. Famous Dave's of Am., Inc., 507 F.3d 1139, 1139 (8th Cir. 2007). At a minimum, a genuine issue of fact exists as to whether plaintiff was harassed by a supervisor. The offending employee was without question a supervisor although he was not the supervisor, as such, of plaintiff.

If a prima facie case is shown, the employer is vicariously liable unless it demonstrates that it is entitled to the *Ellerth-Faragher* affirmative defense. *See* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998). Such affirmative defense is not available if the employee has suffered a tangible employment action. Brenneman, 507 F.3d at 1144.

Plaintiff is clearly within the protected class. There is no doubt that unwelcome harassment occurred on many occasions. There was a causal nexus between the harassment and plaintiff's gender. The harassment affected a term, condition, or privilege of employment. Plaintiff was terminated from her employment by the defendant. No affirmative *Ellerth-Faragher* defense is available in this case.

Harassment based on a plaintiff's gender, in violation of Title VII, is actionable when that harassment is "so 'severe or pervasive' as to 'alter the conditions of the victim's employment and create an abusive working environment.'" Faragher v. City of

3

Boca Raton, 524 U.S. 775, 786, 118 S.Ct. 2275, 2283 (1998) (quoting from Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-6, 91 L.Ed.2d 49 (1986)). "To be actionable, harassment must be both objectively and subjectively offensive, such that a reasonable person would consider it to be hostile or abusive, and courts make this determination 'by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' Faragher, 524 U.S. at 787, 118 S.Ct. at 2283 (internal quotations omitted).'" Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1158 (8th Cir. 1999).

At this stage, the court must, of course, accept as true the allegations of plaintiff as to sexual touching, sexual talk, and sexual harassment, all of which were unwelcome. These were not "trivial harms" or simply "loose talk" in the workplace. At least one of the incidents involved an actual sexual assault on plaintiff. The conduct here was threatening, hostile, and abusive. It interfered with the plaintiff's work performance.

At a minimum, genuine issues of material fact exist as to whether the defendant took prompt and effective remedial action to end the sexual harassment. A genuine issue of material fact exists as to whether or not the employer ever communicated to plaintiff what had been done as to the offending employee. A prudent course of conduct would have been to write a letter to plaintiff detailing what had been done, why she was welcome to return to her employment, and what further actions, if any, would be taken by the employer to protect the plaintiff. If this had been done, the parties would not be arguing over who said what when. Genuine issues of material fact exist as to whether Hub City, Inc. had an effective anti-discrimination policy and procedures at the time of the harassment which plaintiff suffered. A genuine issue of material fact exists as to when the employer learned or should have learned of the harassment. A reasonable jury could rule in favor of plaintiff and find that the employer failed to take prompt or

4

effective remedial measures to end the harassment.  Any effective remedial measure would have to be communicated to the plaintiff and a genuine issue of fact exists as to whether there was any such communication.  Plaintiff claims that she had no information as to whether the offender was still employed or not.

Whether supervisor or non-supervisor harassment exists, this case should go to trial.  The motion for summary judgment should be denied.  This is despite the fact that the court thinks very little of any claim for punitive damages in this case.  This can be addressed after presentation of the evidence at trial.

Now, therefore,

IT IS ORDERED, that the defendant's motion for summary judgment (Doc. 19) is denied.

Dated this 26th day of September, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK
BY:
DEPUTY
(SEAL)

5